06-CV-05342-CMP

FILED _____ ENTERED
_____ LODGED_____ RECEIVED

JUL 1 3 2007      DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY  WESTERN DISTRICT OF WASHINGTON
DEPUTY

Received From
SEATTLE

JUL 1 6 2007;

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
( SEATTLE DIVISION)

C07-5342FDB

| | |
|---|---|
| HIMC CORPORATION , a Washington corp. )<br>  Plaintiffs, )<br> )<br>vs. )<br> )<br>PREM RAMCHANDANI and )<br>Jane Doe Ramchandani, )<br>SHAI BAR LAVI and ANNA SACHS BAR-LAVI )<br>AVI SIVAN and Jane Doe Sivan )<br>AVRAHAM OVAIDIA and Jane Doe Ovaidia, )<br>FIDELITY TRANSFER CO., a Nevada corp. )<br>  Defendants. )<br>_____ ) | CAUSE NO.<br><br>1. DECLARATORY JUDGMENT with<br>   INJUNCTIVE RELIEF AND T.R.O.<br>2. RECISION BASED ON BREACH OF<br>   CONTRACT<br>3. RECISION BASED ON COMMON-LAW<br>   MISREPRESENTATION |

HIMC CORP., by its undersigned counsel, Complains against the named Defendants and

seeks injunctive relief as follows

JURISDICTION:

1.      This federal court has jurisdiction over the claims and parties pursuant to 28 USC

Section 1332(a)(1), there being a) complete diversity of citizenship between the

Plaintiff, a resident of the State of Washington, and the Defendants, who are

residents of the State of New York and the State of Nevada; and b) the value of

the controversy is more than $75,000.00.

COMPLAINT

**ORIGINAL**

DAVID B. ADLER, ESQ.
520 Pike Street, #1415
Seattle, Washington 98101
Telephone: (206) 343-5991
Wash. Bar #16585

1   2.   This Federal Court has jurisdiction pursuant to 28 USC Section 1331 and 28 USC

2        Section 2201-Declaratory Judgment Act; and 15 USC Section 78 aa.

3   STANDING AND VENUE:

4   3.   HIMC CORP. is a proper party plaintiff to enforce the provisions of 17 C.F.R.

5        230.144 (otherwise known as SEC Rule 144). Improper removal of the Rule

6        144(k) restrictions will release into the market place excessive numbers of shares

7        for which payment has not been fully made and will harm other shareholders,

8        thereby harming the corporation and those shareholders who paid the market price

9        at the time of purchase.

10  4.   The improper removal of the Rule 144 restrictions will cause stock that is not

11       exempt under Rule 144 to then be sold in the marketplace in possible violation of

12       15 USC Section 77e (a).

13  5.   Venue is proper in the W.D. Washington pursuant to 28 USC Section 1391 (a)(2)

14       and (b)(2)  where Plaintiff incorporated and conducts its business, where a

15       contract was signed with Defendants, and where Fidelity Transfer Co. has agreed

16       to be bound by this Court's decision.

17  PARTIES:

18  6.   HIMC CORP. is a Washington corporation in good standing, with its principal

19       place of business being located in Tacoma, Washington;

20  7.   PREM RAMCHANDANI is a  person residing in New York, New York who

21       ordered but failed to fully pay for 172,307  shares of HIMC Corp. stock.

22  8.   SHAI  BAR LAVI and ANNA SACHS BAR LAVI, husband and wife, are

23       persons residing in KingsPoint, New York who ordered but failed to fully pay for

24       172,307 shares of HIMC Corp. stock.

25

26

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

9.     AVRAHAM OVAIDIA is a person residing in Great Neck, New York who ordered but failed to fully pay for 172,307 shares of HIMC Corp. stock.

10.    AVI SIVAN is a person residing in Great Neck, New York who ordered but failed to fully pay for 172,307 shares of HIMC Corp. stock.

11.    FIDELITY TRANSFER CO. is a Nevada Corporation with principal offices in Salt Lake City, Nevada. It is the transfer agent for HIMC Corp., and a "Securities Intermediary" within the meaning of Washington's adoption of the Uniform Commercial Code at RCW 62A.8-102(n). No allegations of improper conduct are made against Fidelity Transfer Co. and it is named only as a necessary party under Rule 19, Fed. R. Civ. Proc. in its capacity as the transfer agent regarding Plaintiff's need for injunctive relief to prevent release of Rule 144 restrictions.

FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS:

12.    HIMC Corp. is a publicly traded corporation ("HMCO" symbol) traded on the Pink Sheets.  It provides electronic check processing and credit card processing services and other services through its wholly owned subsidiary, ITI Internet Services, Inc. Its stock is not registered with the S.E.C. It trades on the Pink Sheets used for small over-the-counter securities and bulletin board stocks..

13.    On or about **February 11, 2005** HIMC Corp. was trading at $2.10 per share. with approximately 50,000,000  authorized shares and 12,937,009  shares issued and outstanding..

14.    On **July 12, 2007** HIMC Corp. was trading at $0.35 per share with approximately 211 shareholders.

15.    In December, 2004 HIMC was approached by Defendant Shai Bar Lavi and/or one or more of the other Defendants who offered a business venture with HIMC in which Avi Sivan, Prem Ramchandani, Avraham Ovaidia and Shai Bar Lavi,

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

1      otherwise known as the "VERIPAY GROUP", would bring substantial new
2      business to HIMC Corp. in exchange for the opportunity to purchase 1,364,667
3      shares of HIMC common stock at the below market price of $0.01 per share.

4  16.     In December, 2004 as part of the initial negotiations with HIMC Corp. the
5      Veripay Group Defendants agreed to purchase 689,228 shares at the rate of $0.01
6      per share with further payment to be made in the form of new business for HIMC
7      Corp.

8  17.     On or about **December 15 and 16, 2004** Prem Ramchandani, Avi Sivan, Shai Bar
9      Lavi, and Avraham Ovaidia each issued a check for **$1,723.07** payable to HIMC
10     Corp. for four purchases of **172,307** shares of HIMC stock. at $0.01 per share. A
11     true and correct copy of the front of the checks is attached hereto and incorporated
12     herein as **Exhibit 1.**

13 18.     On December 15, 2004 HIMC stock closed at $3.20 per share.

14 19.     On or about **February 6-7, 2005** the Veripay Group agreed to pay an additional
15     **$79,261.22** for the 689,228 shares of HIMC Stock at the higher rate of $0.125 per
16     share. A true and correct copy of the E-mail from Shai Bar-Lavi is attached and
17     incorporated herein as **Exhibit 2.**

18 20.     On **February 9, 2005** HIMC's Board of Directors passed a Resolution approving
19     the sale of 689,228 shares of HIMC **restricted stock** as per 17 CFR 230.144 to
20     the Veripay Group for $86,153.50 at the rate of **$0.125 per share**. The stock
21     issuance was specifically tied to performance by the Veripay Group of its promise
22     to generate $100,000,000.00 in revenue within 24 months or else all of the stock
23     issued would be forfeited and returned back to HIMC Corp. A True and Correct
24     copy of the said Resolution is attached hereto and incorporated herein as **Exhibit**
25     **3.**
26

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

21.     On or about **February 9, 2005** HIMC Corp. and Veripay LLC entered into a binding Memorandum of Understanding by which HIMC would purchase 51% interest in Veripay under certain conditions. As an essential part of the MOU the Veripay Group promised that it would generate a gross transaction volume of $100,000,000 in a period of 24 months from the date of the first sales contract entered into by Veripay.   A true and correct copy of the Memorandum of Understanding (MOU) is attached hereto and incorporated herein as **Exhibit 4.**

22.     As part of the MOU, share certificates were to be issued to each of the Defendant members of the Veripay Group, subject to a legend restriction under 17 CFR Section 230.144, i.e. Rule 144, restricting the sale of the stock for two years.

23.     On **February 11, 2005** HIMC notified Fidelity Transfer Co., as its transfer agent, to issue four certificates for 172,307 shares each to: 1) Prem Ramchandani; 2) Avi Sivan, 3) Anna Sachs Bar-Lavi; and 4) Avraham Ovaidia. A true and correct copy of the directive to Fidelity Transfer is attached hereto and incorporated herein as **Exhibit 5.**

24.     At no time since February 11, 2005 has any of the Defendants, singularly or collectively, paid HIMC any portion of the additional **$79,261.22** needed to complete the purchase of the 687,228 shares of stock at $0.125 per share issued to them on or about February 11, 2005.

25.     The then Board of Directors of HIMC Corp. agreed to issue the stock in reliance upon the written assurances from Shai Bar Lavi, speaking on behalf of himself and the other three members of the Veripay Group, that they would generate $100,000,000.00 in gross revenues for HIMC Corp. within two years; would purchase the  stock for $0.125 per share, and would pay HIMC Corp. the additional $79,261.22 or $19,815.31 per person outlined in the E-mail of February

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone:  (206) 343-5991*
*Wash. Bar #16585*

1    6, 2005 and confirmed by the February 9, 2005 Board of Directors' Resolution .

2    **Exhibits 2 and 3.**

3    26.    As an inducement for the issuance of 689,228 shares of stock at the below-market

4           rate of $0.125 per share the Veripay Group, acting as Veripay Inc., a Nevada

5           corporation, agreed and represented that it had the capability of setting HIMC

6           Corp. with QVC 's Home Shopping Network to generate new revenues for HIMC

7           Corp. **Exhibit 6.**

8    27.    On or about **January 1, 2006** the corporate charter for Veripay Inc. was revoked.

9    28.    At no time since February 11, 2005 did the Veripay Group generate any gross

10          revenues for HIMC Corp. and the Veripay Group did not fulfill its agreement to

11          generate $100,000,000.00 for HIMC in the two years following the signing of the

12          Memorandum of Understanding or the two years since issuance of the 689,228

13          shares of stock to the four members of the Veripay Group.

14   29.    The offer by the Defendants to generate revenues for HIMC Corp. through the use

15          of QVC as a client was material non-public information within the meaning of 17

16          CFR Section 240.10b5-1 (SEC Rule 10b5) used by Defendants to cause the sale

17          to them of HIMC stock and thereby acquire unregistered securities of HIMC Corp.

18   30.    Beginning on or about **March 8, 2007** Prem Ramchandani, Avi Sivan, and

19          Avraham Ovaidia have made demand upon Fidelity Transfer Co. to remove the

20          Rule 144 restrictions on their stock certificates so said stock can be sold to the

21          public pursuant to the exemption from registration under Rule 144(k) at 17 CFR

22          Section 230.144(k). See **Exhibits 7 and 8 and 9**, attached hereto and incorporated

23          herein by reference.

24   31.    On **June 14, 2007** HIMC Corp. notified Fidelity Transfer that it opposed any

25          release of the Rule 144 restrictions because  the individual Defendant members

26

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

1   of the Veripay Group failed to fully pay for their stock within the meaning of Rule

2   144(d) and thereby failed to satisfy the conditions for release set forth in Rule

3   144(k). Therefore the two year restrictive "clock" has not yet expired. Further,

4   Fidelity Transfer was informed that the Rule 144(k) restrictions should not be

5   released because the consideration for issuance of the shares, to wit: generation

6   of $100,000,000.00 in revenues, had not been paid by the Defendant Veripay

7   Group. Therefore the right to have the restrictions removed and to acquire the

8   stock as free trading stock had expired and the shares should be returned to the

9   control of HIMC Corp. A True and Correct copy of the June 14, 2007 letter to

10  Fidelity Transfer Co. is attached hereto as **Exhibit 10.**

11  32.  On **June 26, 2007** the Defendant Avraham Ovaidia obtained a legal opinion from

12  a Phillip Koehnke that the Rule 144 restrictions should be removed pursuant to

13  Rule 144(k) because the purchase price of the stock had been fully paid and

14  therefore the stock was exempt from the registration requirements of the

15  Securities Act, 15 USC Section 77(e). That opinion, right or wrong, is equally

16  applicable to each of the other Defendants. A True and Correct copy of the June

17  26, 2007 letter is attached hereto as **Exhibit 11.**

18  33.  On **July 5, 2007** HIMC Corp. issued four checks in the amount of $1,982.60 each

19  to Defendants Prem Ramchandani, Avi Sivan, Anna Sachs Bar Lavi, and

20  Avraham Ovaidia as the return of the money paid by them on December 16, 2004

21  together with interest accrued since December 16, 2005. True and Correct copies

22  of the July 5, 2007 letters are attached hereto as **Exhibits 12, 13, 14, and 15.**

23  34.  On **July 6, 2007** HIMC Corp. was informed by Fidelity Transfer Co. that the

24  restrictive legend on the stock certificate for Avraham Ovaidia would be removed

25  unless **by July 16, 2007** an injunction or T.R.O. was obtained by HIMC Corp.

26

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

|  |  |
|---|---|
| 1 | against the shareholder(s) prohibiting them from transferring the shares. A True |
| 2 | and Correct copy of the July 6, 2007 letter is attached hereto as **Exhibit 16.** |
| 3 | LEGAL CLAIMS |
| 4 | I. FOR DECLARATORY AND INJUNCTIVE RELIEF. |

35.  The foregoing allegations in paragraphs 1-34 are realleged and incorporated herein as if fully set forth.

36.  No registration statement of HIMC Corp. stock has been filed with the Securities and Exchange Commission.

37.  No basis exists for the Defendants to sell any HIMC securities other than in compliance with Rule 144(k), 17 CFR 230.144(k).

38.  Any action by Defendant Fidelity Transfer Co. to reissue certificates held by the Defendants, Veripay Group, as unrestricted shares would facilitate the unlawful sale or delivery of unregistered securities in violation of 15 USC Section 77e(a).

39.  The Defendants have not fully paid for the 172,307 shares of stock issued to each of them. No defendant has paid the additional $79,261.22 needed to make the per share sale price equal to $0.125. A payment of only $0.01 per share is less than the Defendants led HIMC Corp. to believe would be paid for the stock

40.  Defendants have not satisfied the condition of Rule 144(k) for removal of the restrictive legend on their stock in that they have not held the stock for two years beginning from such time as the stock price has been fully paid. 17 CFR Section 230.144(k)

41.  Rule 144(k) imposes a two year time from the date when "the securities were acquired from the issuer." The two year period is calculated as described in Rule 144(d). Defendants have not satisfied the condition of Rule 144(d) (1) that the

COMPLAINT

DAVID B. ADLER, ESQ.
520 Pike Street, #1415
Seattle, Washington 98101
Telephone: (206) 343-5991
Wash. Bar #16585

1               stock be fully paid for **"before the ... period shall begin to run"**... 17 CFR

2               Section 230.144(d)(1).

3      42.    Defendants have not satisfied the condition of Rule 144(d)(1) that the "other

4               consideration" for the sale be paid before the period shall begin to run. Defendants

5               did not generate $100,000,000.00 in gross revenues for HIMC Corp. 17 CFR

6               Section 230.144(d)(1).

7      43.    Fidelity Transfer Co. as part of its usual and customary business practices

8               maintains the security transfer records for HIMC Corp. identifying which persons

9               are shareholders of record of HIMC stock, and may be an "issuer" within the

10              meaning of RCW 62A.8-201(3).

11     44.    Pursuant to RCW 62A.8-403(4)(a) objection to the transfer of the Defendant

12              Veripay Group's stock from Rule 144 restricted to Rule 144(k) unrestricted

13              requires issuance of a restraining order or injunction against Fidelity Transfer Co.

14              **pendante lite.**

15        WHEREFORE Plaintiff, pursuant to 28 USC Section 2201, seeks Declaratory Relief as

16  to the proper application of Rule 144(d) and (k) with a judgment that the Rule 144(k) exemption

17  from registration has not been satisfied, and the two year time limit has not expired. Plaintiff also

18  seeks a permanent injunction or T.R.O. preventing Defendants from seeking removal of the Rule

19  144 restriction; from selling unregistered securities; and prohibiting Defendant Fidelity Transfer

20  Co. from reissuing the stock certificates without the Rule 144 restriction; and such further relief

21  as is warranted.

22  <u>II. RESCISSION BASED ON BREACH OF CONTRACT</u>

23     45.    The foregoing allegations in paragraphs 1-34 are realleged and incorporated herein

24              as if fully set forth.

25

26

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

1        46.    Defendants failed to perform according to the **February 9, 2005** Memorandum

2               of Understanding.

3        47.    Plaintiff relied upon the representations in the Memorandum of Understanding

4               that Defendants could and would generate $100,000,000.00 in gross revenues for

5               HIMC Corp. in agreeing to issue 687,228 shares of its stock for only $0.01 per

6               share and in agreeing to sell an additional 675,441 to the Defendants acting by and

7               through Veripay, Inc..

8        48.    Defendants failure to perform is a material breach of the Memorandum of

9               Understanding and voids any entitlement of the Defendants to purchase any

10             amount of HIMC stock at any price.

11      49.    Plaintiff has issued checks and refunded to the individual Defendants the money

12             paid by them for the stock.

13      WHEREFORE, Plaintiff seeks judgment that Defendants, Prem Ramchandani, Avi Sivan,

14  Shai Bar Lavi, and Avraham Ovaidia , breached the Memorandum of Understanding, and as

15  relief, seeks an Order compelling Defendants to surrender their individual stock holdings to

16  HIMC Corp. and directing Fidelity Transfer Co. to cancel any certificates issued to Prem

17  Ramchandani, Avi Sivan, Anna Sachs Bar Lavi, and Avraham Ovaidia for a total of 687,228

18  shares of HIMC stock.

19  III: RECISSION BASED ON COMMON-LAW AND STATUTORY MISREPRESENTATION:

20        50.    The foregoing allegations in paragraphs 1-34 and 46-49 are realleged and

21             incorporated herein as if fully set forth.

22        51.    The representations by Defendants that they could and would cause QVC to do

23             business with HIMC Corp. and thereby generate $100,000,000.00 in business for

24             HIMC Corp. within two years was a false and misleading statement.

25

26

COMPLAINT

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

52.    HIMC Corp. relied upon the false statements by Defendants, Prem Ramchandani, Avi Sivan, Shai Bar Lavi, and Avraham Ovaidia, and issued to the individual defendants stock worth $2.10 per share at the below-market rate of $00.01 per share.

53.    The reliance by HIMC Corp. was induced by the various false representations made by Defendants, and by the claim of Shai Bar Lavi that he could use his employment position with QVC to deliver QVC as a customer of HIMC Corp.

54.    HIMC Corp. was harmed by its reliance upon the false misrepresentations in that stock was issued for less than said stock was then selling, and the interests of other shareholders were diluted and harmed.

55.    The Memorandum of Understanding constituted a deceptive device or contrivance within the meaning of 15 USC Section 78j(b)--Manipulative and Deceptive devices.

WHEREFORE, Plaintiff seeks judgment against the Defendants, Prem Ramchandani, Avi Sivan, Shai Bar Lavi, and Avraham Ovaidia for COMMON-LAW MISREPRESENTATION and relief consisting of an Order cancelling and voiding any stock acquired by Defendants on or about February 11, 2005 and any right to acquire additional stock pursuant to the Memorandum of Understanding; and further an Order directing Fidelity Transfer Co. to remove from their official records the listing of Defendants, Prem Ramchandani, Avi Sivan, Shai Bar Lavi, Anna Sachs Bar

COMPLAINT

DAVID B. ADLER, ESQ.
520 Pike Street, #1415
Seattle, Washington 98101
Telephone: (206) 343-5991
Wash. Bar #16585

1   Lavi, and Avraham Ovaidia as owners of 172,30 shares each, and such other and further relief as

2   the Court deems appropriate.

3   DATED THIS /3rd DAY OF JULY, 2007.

4

5

6   DAVID B. ADLER, Attorney for
    HIMC CORP.

7   I, Judy Johnston, as Treasurer for HIMC Corp. and a member of its Board of
    Directors, declare that I have read the foregoing and confirm that the foregoing

8   allegations and claims are true and correct to the best of my knowledge,
    information, and belief.

9

    Dated this /3TH day of July, 2007.

10

11

12   JUDY JOHNSTON, as Treasurer for
     HIMC Corp.

13   Subscribed and sworn to before me on this /3th day of July, 2007.

14

15   YULIANA POLETAYEVA,

16   NOTARY PUBLIC

17   my commission expires: July 28, 2008

18

19

20

21

22

23

24

25

26

*DAVID B. ADLER, ESQ.*
*520 Pike Street, #1415*
*Seattle, Washington 98101*
*Telephone: (206) 343-5991*
*Wash. Bar #16585*

COMPLAINT