1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3

4

HIMC CORPORATION, a Washington
corporation,

5

Plaintiff,

Case No. C07-5342FDB

6

v.

7

8

9

PREM RAMCHANDANI and Jane Doe
Ramchandani; SHAI BAR LAVI and ANNA
SACHS BAR-LAVI; AVI SIVAN and Jane
Doe Sivan; AVRAHAM OVAIDIA and Jane
Doe Ovaidia; and FIDELITY TRANSFER
CO., a Nevada corporation,

ORDER GRANTING IN PART
PLAINTIFF HIMC'S MOTION TO
COMPEL DEFENDANTS TO
APPEAR FOR DEPOSITION

10

Defendants.

11

## INTRODUCTION

12

13

14

15

16

17

        This cause of action concerns restricted HIMC Corporation stock purchased by the individual

defendants at a specified price, plus the opportunity to purchase an additional 1, 364,667 shares of

HIMC common stock below market price, in return for the individual defendants (through their

Veripay Group) bringing substantial new business to HIMC.  Additionally, pursuant to a

memorandum of understanding, HIMC would purchase 51% interest in Veripay under certain

conditions: Veripay Group's promise to generate $100,000,000.00 in revenue within 24 months.

18

19

20

21

22

23

24

        HIMC asserted that the individual defendants have failed to pay the additional $79,261

needed to complete the purchase of the 689,228 shares of HIMC stock issued to them on or about

February 11, 2005.  On August 3, 2007, HIMC was granted a preliminary injunction following

issuance of a temporary restraining order, restraining the transfer agent, Defendant Fidelity Transfer,

from issuing new stock certificates without the restrictive legends to the individual defendants and

enjoining the individual defendants from taking any action to cause the removal of any restrictive

stock legends on the subject stock certificates or to take any action to compel Fidelity Transfer to

25

26

ORDER - 1

1   issue new stock certificates without restrictive legends.

2   The individual defendants have answered and counterclaimed that (1) HIMC has wrongly

3   refused to issue the second group of 675,441 HIMC common stock shares and that (2) the individual

4   defendants have been injured in their inability to sell their shares of HIMC common stock, and they

5   seek monetary damages.

6   **HIMC'S MOTION TO COMPEL**

7   On November 5, 2007, HIMC issued four notices of deposition to the individual defendants to

8   appear in the Western District.  By letter dated December 10, 2007, the individual defendants notified

9   Plaintiff's counsel that they had decided that they were not obligated to appear in the Western District

10   of Washington for depositions, believing, instead, that New York is the proper location for the

11   depositions.  Moreover, in response to Plaintiff's offer to take the depositions in New York provided

12   that Plaintiff's counsel's travel costs were paid, the letter stated that "Unfortunately, I do not believe

13   it is appropriate for defendants to be paying for the travel costs of plaintiff's counsel."  (Ex. 5 to

14   HIMC's Motion, Letter from individual defendants' counsel.)   HIMC then filed the present motion to

15   compel.

16   HIMC argues that usually, the place of deposition should be where the plaintiff has filed the

17   lawsuit.  A defendant may normally insist on being deposed in his home state or district to limit the

18   inconvenience caused by being sued in a distant forum.  Here, however, HIMC argues that the

19   individual defendants are the plaintiffs on their counterclaims for money damages, which were not

20   mandatory and may have been the subject of a separate lawsuit that might have been filed ahead of

21   HIMC's lawsuit.  HIMC asserts that the depositions are necessitated by the individual defendants'

22   counterclaims and their related interrogatory answers.

23   The individual defendants respond that the depositions should be taken at Plaintiff's expense

24   in New York City, where they work and reside, and that Plaintiff's motion to compel and for costs

25   should be denied.  The individual defendants also argue that their counterclaims were compulsory, as

26   ORDER - 2

1  they existed at the time of pleading and arise out of the same transaction or occurrence as opposing

2  party's claim.

3        HIMC replies, among other things, that the factors of cost, convenience, and litigation

4  efficiency affect HIMC as well as the individual defendants, and that a motion pursuant to Rule 37 for

5  failure to cooperate in discovery was appropriately filed, where the individual defendants would not

6  appear in the Western District of Washington, nor would they contribute toward Plaintiff's counsel's

7  travel costs.

8                        **DISCUSSION AND CONCLUSION**

9        Generally, a party may unilaterally choose the place for deposing an opposing party, subject to

10  the granting of a protective order by the Court.  *Turner v. Prudential Ins. Co. Of America*, 119

11  F.R.D. 381, 382 (M.D.N.C. 1988)(citing Wright and Miller, *Federal Practice and Procedure*).  A

12  subpoena is not required to take a party's deposition, and a notice is sufficient to require his or her

13  attendance.  8A Fed. Prac. & Proc. Civ. 2d § 2112.  A party may move for a protective order

14  designating a different place for the deposition.  A defendant does not choose the forum, and may

15  persuade a court to protect it from a deposition set in the forum district.   Although the initial

16  presumption is that a defendant should be examined at his residence or the principal place of business,

17  a number of factors may dissipate the presumption and persuade a court to require that the deposition

18  be conducted in the forum district or some other place.

19        In this case, the Plaintiff noted the individual defendants' depositions in the Western District

20  of Washington, and such was not improper.  The parties evidently tried to work out their differences,

21  but the effort failed.  However, the individual defendants never moved for a protective order.

22        A review of the claims made by each party is in order.  HIMC seeks (1) declaratory and

23  injunctive relief as to the proper application of Rule 144(d) and (k) as to the restricted stock and a

24  permanent injunction preventing the individual defendants from seeking removal of the restrictions

25  and prohibiting Fidelity Transfer from reissuing stock certificates without the restrictions; (2)

26  ORDER - 3

1   rescission based on breach of contract and an order that the individual defendants surrender their

2   HIMC stock and that Fidelity cancel the stock certificates issued to the individual defendants; and (3)

3   rescission based on common law and statutory misrepresentation and an order cancelling the stock

4   acquired by the individual defendants and requiring Fidelity Transfer to remove the individual

5   defendants' listing from their records.

6          The individual defendants counterclaim for (1) breach of contract and seek a transfer of to

7   them of the second group of shares, and (2) brech of contract and seek removal of the restrictions of

8   the stock issued to them; plus, the individual defendants seek monetary damages on each claim.

9          The counterclaims are compulsory, and the location of the cause of action appears to be in the

10  Western District of Washington or at least in the western half of the country, as Defendant Fidelity

11  Transfer is a Utah corporation and HIMC is a Washington corporation, and the contract was signed

12  in Tacoma, Washington.  HIMC is seeking additional information to the individual defendants'

13  interrogatory answers regarding the counterclaims.  Under all the circumstances,  it does not seem

14  unreasonable to require the individual defendants to pay half the travel and lodging expenses for

15  plaintiff's counsel and a paralegal.

16         NOW, THEREFORE, IT IS ORDERED:   Plaintiff HIMC Corporation's Motion To Compel

17  Defendant To Appear for Deposition is GRANTED IN PART, and the Individual Defendants (*i.e.*

18  excluding Defendant Fidelity Transfer) are ORDERED to pay half the costs of both Plaintiff's

19  counsel's and his paralegal's  travel and lodging.  The request for an award of fees under Fed. R. Civ.

20  P. 37(a)(4) is denied at this time, barring any further recalcitrance by the individual defendants in

21  cooperating in discovery in this case.

22         DATED this 13th day of March, 2008.

23

24                                        _____
                                          FRANKLIN D. BURGESS
25                                        UNITED STATES DISTRICT JUDGE

26   ORDER - 4