UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HIMC CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PREM RAMCHANDANI and Jane Doe Ramchandani; SHAI BAR LAVI and ANNA SACHS BAR-LAVI; AVI SIVAN and Jane Doe Sivan; AVRAHAM OVAIDIA and Jane Doe Ovaidia; and FIDELITY TRANSFER CO., a Nevada corporation,<br><br>    Defendants. | Case No. C07-5342FDB<br><br>ORDER DENYING MOTION TO STAY PENDING ARBITRATION |

On August 3, 2007, this Court issued a preliminary injunction restraining Defendant Fidelity Transfer Co. from issuing new stock certificates to replace or substitute for certificates issued to the individual defendants or from taking any other action that would remove or negate restrictive legends placed on the stock certificates; the individual defendants were also restrained from taking any action to cause the removal of any restrictive stock legends on certain shares of HIMC Corp. stock or from taking any action to compel Fidelity Transfer Co. To issue new certificates to them without restrictive legends.

ORDER - 1

1    Defendants move for a stay pending arbitration, citing a provision in an "Operating Agreement" between HIMC and the individual defendants' company known as "Veripay," which Defendants contend was formed to market HIMC's card processing services to companies in the direct response marketing industry. Defendants argue (1) that HIMC's claims (failure to pay for certain shares of stock issued to the Defendants and that such failure to perform is a material breach of the Memorandum of Understanding between the parties) constitute a contractual dispute; and (2) Defendants' counterclaims assert entitlement to the HIMC stock that has been issued and demand that further stock be issued to them, plus, they seek damages from HIMC's failure to remove the restrictions on the stock. Thus, argue Defendants their claims also arise out of or in connection with the Operating Agreement between HIMC and Veripay and these claims should be arbitrated even though the Veripay Defendants are not signatories to the Operating Agreement.

Plaintiff opposes such a stay. HIMC argues that its claims for rescission are directed only at the four individual defendants based only on the February 9, 2005 Memorandum of Understanding. Also, both counterclaims make averments based on or arising out of the February 9, 2005 Memorandum of Understanding. Plaintiff notes that none of the claims relate to or arise from the Operating Agreement, which Defendants cite as the source of their claim for arbitration. Moreover, the Memorandum of Understanding does not contain any agreement to arbitrate any dispute related to that separate contract which relates to the issuance of securities. Additionally, Fidelity Transfer Co., the party directly restrained by this Court's Preliminary Injunction, is not a defendant on any of the counterclaims asserted by Defendants; nor is it a party to the Memorandum of Understanding or the Operating Agreement.

The Ninth Circuit has discussed how a request to arbitrate is analyzed: "When we are asked to compel arbitration of a dispute, our threshold inquiry is whether the parties agreed to arbitrate." *Townhouses v. Mar Industries Corp.*, 862 F.2d 754, 756-57 (9th Cir. 1988). Furthermore, the arbitration agreement must apply to the particular dispute. *Id.*

ORDER - 2

Having considered Defendants' Motion, Plaintiff's Response, and Defendants' Reply Declaration of Richard M. Mortner, as well as the record in this case, the Court concludes that the motion for stay pending arbitration must be denied. In this case, the securities law issues raised in the Complaint do not involve an interpretation of the Operating Agreement, nor do they arise under it. Neither do the counter-claims concern the Operating Agreement. Moreover, Fidelity Transfer is an essential and necessary party under Fed. R. Civ. P. 19, and it has not agreed to arbitration. This motion is also late in the progress of this case, giving rise to a conclusion that Defendants have acted inconsistent with any right to arbitration and with prejudice to HIMC from these inconsistent acts in that HIMC's ability to depose Defendants may be suspended and the authority of an arbitrator to interpret a Rule 144 securities restriction is questionable.

NOW, THEREFORE, IT IS ORDERED: Defendants' Motion to Stay Pending Arbitration [Dkt. # 51] is DENIED.

DATED this 25th day of July, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3