# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

HIMC CORPORATION, a Washington corporation,

    Plaintiff,

v.

PREM RAMCHANDANI and Jane Doe Ramchandani; SHAI BAR LAVI and ANNA SACHS BAR-LAVI; AVI SIVAN and Jane Doe Sivan; AVRAHAM OVAIDIA and Jane Doe Ovaidia; and FIDELITY TRANSFER CO., a Nevada corporation,

    Defendants.

Case No. C07-5342FDB

ORDER DENYING DEFENDANT OVAIDIA'S MOTION FOR PROTECTIVE ORDER

    Defendant Ovaidia[1] moves for discovery from him other than by deposition because he lives in South Africa and that his only role in the transactions giving rise to this litigation – per declaration of his counsel in this case – was to receive stock of Plaintiff as a nominee of Veripay LLC, that is, that he was not personally involved other than as a beneficiary.

    Plaintiff HIMC objects to the motion because there is no offer to produce the documents designated for the deposition nor does he offer an alternative means of obtaining those documents in a form that will make them admissible evidence at trial. Moreover, as the party seeking the

---

[1] This is the spelling used in the case caption and on the electronic docket, and which will be used by the Court in this Order, although Defendant's counsel spells the name "Ovadia" in his motion.

ORDER - 1

protective order, he has not complied with Rule 26(c)(1)(C) by offering his own Declaration to establish "good cause" as to why his being deposed in New York constitutes "annoyance, embarrassment, oppression or an undue burden or expense." Ovaidia has not offered any alternative method by which the discovery may be obtained. New York was the venue insisted upon by the four individual defendants why they first objected to being deposed in the Western District of Washington. Additionally, Ovaidia has declined to submit any Responses to the Plaintiff's Second Set of Discovery Requests despite demand therefor.

By Stipulation and Order of August 22, 2008 [Dkt. # 80], this motion was continued and Ovaidia was given until September 11, 2008 to submit a reply. No reply, however, was submitted.

Ovaidia has failed to show good cause for the protective order he seeks. No reason – other than his attorney's conclusion as to Ovaidia's limited involvement and his place of residence – is provided, and no alternative discovery method is suggested. Ovaidia's motion for a protective order must be denied. Defendant is cautioned about being uncooperative in discovery and must be mindful of the obligations to provide discovery.

NOW, THEREFORE, IT IS ORDERED: Defendant Avraham Ovaidia's Motion for a Protective Order regarding his deposition [Dkt. # 70] is DENIED and Defendant Ovaidia is ORDERED to cooperate in discovery, to provide dates when he will be available in New York City so that his deposition can be scheduled; and that Defendant shall pay half the costs of Plaintiff's Counsel's and Paralegal's travel to and lodging in New York for the deposition.

DATED this 15th day of September, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2