1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

HIMC CORPORATION, a Washington
corporation,

7

8

Plaintiff,

Case No. C07-5342FDB

9

v.

ORDER GRANTING PLAINTIFF'S
MOTION FOR ENTRY OF FINAL
JUDGMENT

10

PREM RAMCHANDANI and Jane Doe
Ramchandani; SHAI BAR LAVI and ANNA
SACHS BAR-LAVI; AVI SIVAN and Jane
Doe Sivan; AVRAHAM OVAIDIA and Jane
Doe Ovaidia; and FIDELITY TRANSFER
CO., a Nevada corporation,

11

12

13

Defendants.

14

Plaintiff HIMC Corporation moves for entry of final judgment. By order entered November

15

25, 2008 [Dkt. # 106], the Court denied the Individual Defendants' motion for summary judgment

16

and granted in part and denied in part Plaintiff's motion for summary judgment. Briefly, the Court

17

concluded that no contract had been formed between HIMC and the Individual Defendants or the

18

"Veripay Group"; that restricted stock was issued, which the Individual Defendants asserted was not

19

what they bargained for; the individual defendants tendered checks reflecting a certain price for the

20

stock, which checks were never cashed by HIMC, so were not accepted. Among other things, the

21

Court granted HIMC's request for return of securities issued pursuant to the February 9, 2005

22

Memorandum of Understanding.

23

The Individual Defendants appealed the Court's ruling, but the Ninth Circuit dismissed the

24

appeal for lack of jurisdiction and all pending motions were denied as moot.

25

26

ORDER - 1

1    The Individual Defendants oppose entry of final judgment.  First, the Individual Defendants

2    argue that the proposed language of Paragraph 1 of the proposed final judgment confuses the

3    Court's conclusion that no contract was formed.  This contention is without merit, as the statements

4    that the Defendants did not pay $0.125 per share and did not perform by producing gross revenues

5    of $100,000,000.00 for HIMC within two years of the offer stated in the Memorandum of

6    Understanding are factual, and a reading of the entirety of the Court's order reflects this and the

7    conclusion that no contract between the parties was formed.

8          Second, the Individual Defendants assert that the proposed judgment directs defendants to do

9    what they have already done: return the stock certificates, with the exception of Shai and Anna Bar-

10   Lavi, who, according to the Individual Defendants' counsel, have lost their certificate.  This

11   objection is without merit.  The final judgment should reflect the obligation of the Individual

12   Defendants to return the stock certificates, and to follow whatever procedure Fidelity Transfer Co.

13   (HIMC's registration/transfer agent) may require with respect to a lost stock certificate.

14         Third, and finally, the Individual Defendants oppose the provision for providing fifteen days

15   after entry of judgment to move for attorney's fees.  This objection is also without merit, as Fed. R.

16   Civ. P. 54(d)(2)(B) provides for a court order regarding the timing of a motion for attorney's fees.

17         The Court concludes that entry of the final judgment proposed by Plaintiff HIMC [Dkt. #

18   132] is appropriate, that the Individual Defendants' objections are without merit, and Plaintiff's

19   motion for entry of final judgment will be granted.

20         NOW, THEREFORE, IT IS ORDERED: Plaintiff HIMC's Motion for Entry of Final

21   Judgment [Dkt. # 132] is GRANTED.

22         DATED this 20th day of May, 2009.

23

24                               FRANKLIN D. BURGESS
                                 UNITED STATES DISTRICT JUDGE

25

26   ORDER - 2