UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HIMC CORPORATION, a Washington corp.,

    Plaintiff,

v.

PREM RAMCHANDANI, *et al.*, and
FIDELITY TRANSFER CO., a Nevada corporation,

    Defendants.

Case No. C07-5342FDB

ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

HIMC moves for an award of **attorney's fees and costs** pursuant to RCW 4.84.250 in the total amount of $119,831.62; for **costs** pursuant to Rule 56(d)(1), Fed. R. Civ. P. in the amount of $13,354.91; and for **fees and costs** pursuant to Rule 68, Fed. R. Civ. P. in the total amount of $33,536.00. Plaintiff contends that each of the three independent authorities for a fee award has slightly different criteria for the granting of a fee request.

Factoring in a credit to Defendants of $2,652.72, HIMC seeks a total of $119,831.53 fees and costs pursuant to RCW 4.84.250 and $42,690.53 fees and costs pursuant to Federal Rules of Civil Procedure 54(d)(1) and 68.

The parties arguments and the Court's decision on each of the claims now follows:

**Fees and Costs Claim under RCW 4.84.250**

The statute under this fees and costs claim provides as follows:

**RCW 4.84.250. Attorneys' fees as costs in damage actions of ten thousand dollars or less – Allowed to prevailing party**
Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.10.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.

ORDER - 1

**RCW 4.84.270. Attorneys' fees as costs in damage actions of ten thousand dollars or less – When defendant deemed prevailing party**
The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280.

HIMC argues that attorney's fees are awarded under RCW 4.84.250 to the prevailing party as part of the "costs" of litigation, and that neither the amount of money ultimately recovered nor the assertion of a counter-claim of more than $10,000 affects the ultimate award of fees and costs.

The Individual Defendants oppose the motion, contending that "Plaintiff's motion is a sham and is filed in bad faith." Individual Defendants argue that HIMC's Complaint contained no causes of action for damages and that RCW 4.84.250 does not apply, therefore: the first cause of action, based on failure to fully pay consideration for the stock certificates at issue, was for declaratory and injunctive relief against the individual defendants to prevent them from seeking removal of the restrictions from the stock certificates; and the remaining two causes of action sought rescission of the "Memorandum of Understanding and an order directing the Individual Defendants to "surrender" the stock certificates. Thus, Individual Defendants argue that while the amount pleaded by HIMC was less than $10,000, this is because no amount of damages was pleaded.

HIMC replies that a costs award under RCW 4.84.250 may be to a prevailing plaintiff or prevailing defendant. Under RCW 4.84.260, a plaintiff is the prevailing party for purposes of an award under RCW 4.84.250 when the recovery is more than the amount offered in settlement. RCW 4.84.270 authorizes an award of fees and costs when the Plaintiff recovers nothing following an offer of settlement. HIMC argues that there is nothing in the language of RCW 4.84.250 that bars its application to a claim for equitable relief or its applicability to a counter-plaintiff.

The Court concludes that HIMC is not entitled to attorney's fees and costs under RCW 4.84.250 for two reasons. First, the purpose of RCW 4.84.250 is to encourage out-of-court

ORDER - 2

settlements and to penalize parties who unjustifiably bring or resist small claims. *See Public Utilities District No. 1 of Grays Harbor v. Crea*, 88 Wash. App. 390, 395 (1997)("The legislative purpose, 'to enable a party to pursue a meritorious small claim without seeing his award diminished ... by legal fees.'") The Court is not convinced that this case is a "small claim" given that it involves issues surrounding the issuance of securities (restricted stock) and an effort to forge a joint venture that the parties believed would be highly remunerative to them. Moreover, in the jurisdictional statement of its Complaint, HIMC Corporation states that the value of the controversy is more than $75,000.00. Second, RCW 4.84.250 applies to "any action for damages," but Plaintiff HIMC did not file an action for damages. Rather, HIMC's Complaint sets forth three causes of action: 1. Declaratory Judgment with Injunctive Relief and T.R.O., 2. Recision Based on Breach of Contract, and 3. Recision based on common-law misrepresentation. *See Becerra v. City of Warden*, 117 Wash. App. 510 (2003). In *Becerra*, the Court stated:

> As the City aptly notes, Mr. Becerra did not file an action for damages. *See Lay v. Hass*, 112 Wash. App. 818, 51 P.3d 130 (2002)(noting request for damages in connection with quiet title action made RCW 4.84.250 applicable). Rather, he contested the impoundment of his vehicle and requested refund of the fees incurred in connection with that action. RCW 46.55.120(3)(e). He did not seek statutory loss of use damages. *Id.* Accordingly, the statute ordinarily would not apply.

In contrast, although the Individual Defendants' counterclaim did seek damages (Answer and Counterclaim, Dkt. # 24, ¶¶ 73 - 74, and 85 - 86.), this fact does not change the result because the cause of action is not a small claim as contemplated by RCW 4.84.250. The Individual Defendants' counterclaim, which alleges no value, essentially presents the opposite view of HIMC's claim, which alleged that the jurisdictional amount was met, the value of the controversy being more than $75,000.00. In *Schmerer v. Darcy*, 80 Wash. App. 499 (1996), Schmerer sought attorney fees pursuant to RCW 4.84.250 and .270. The Court stated that Schmerer would be entitled to attorney fees "... despite the lack of pleading an exact amount, if she had constructive knowledge that the amount of the claim was $10,000 or less. *Beckmann v. Spokane Transit Auth.*, 107 Wash.2d 785,

ORDER - 3

789-90 , 733 P.2d 960 (1987)." *Schmerer*, 80 Wash. App. at 510. In the case of HIMC and the Individual Defendants, the parties all were aware that this case does not involve a small claim of $10,000 or less. RCW 4.84.250 does not apply, and HIMC's motion for attorney's fees pursuant to this provision is denied.

## Fees and Costs Claim under Fed. R. Civ. P. 68

Fed. R. Civ. P. 68 provides as follows:

> (a) **Making an Offer; Judgment on an Accepted Offer.** More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> (d) **Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

HIMC contends that on October 8, 2008 it – as counter-defendant – made a Rule 68 Fed. R. Civ. P. offer of judgment to the Individual Defendants in the amount of $2,500.00 to resolve the two pending counterclaims and the litigation. (Adler Decl. Ex. 1.) The Individual Defendants did not respond to the offer. *Id.* HIMC says that from October 8, 2008 (the time of the offer) through June 3, 2009, it incurred attorney's fees totaling $33,636.00 and costs totaling $571.00 for a total of $34,207.00. HIMC argues that under Rule 68 and Washington state law, the term "costs" is defined to include attorney's fees. *See Marek v. Chesney*, 473 U.S. 1 (1985); *Champion Produce v. Ruby Robinson Co.*, 343 F.3d 1016 (9th Cir. 2003), and *see* RCW 4.84.250.

The Individual Defendants respond that the offer of judgment was by HIMC as a counterclaim defendant and the motion under Rule 68 is without merit because the Counterclaim Defendant HIMC prevailed not the Counterclaim Plaintiffs, citing *Delta Air Lines, Inc. v. August,* 450 U.S. 346 (1981)("Rule 68 prescribes certain consequences for formal settlement offers made by 'a party defending against a claim.' The Rule has no application to offers made by the plaintiff." *Id.*

ORDER - 4

at 350. The Individual Defendants also argue that HIMC's Rule 68 motion should be denied because the offer is an ambiguous, lump-sum offer made to several plaintiffs without apportionment of the total amount, citing *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999). The Individual Defendants cite the offer, which they argue improperly states as follows:

> That HIMC Corp. Will allow judgment to be taken against it for $1,500.00 inclusive of all costs and fees, and will pay to the four Defendants collectively the amount of $2,500.00, or pay $2,500.00 in such allocations as they may direct. That upon satisfaction of the foregoing, all claims and counterclaims will then be dismissed with prejudice, without further award of costs, fees or expenses.

(Mortner Decl. p. 5; see also, Adler Decl. Ex. 1, ¶¶ 5 & 6.)

HIMC replies that Rule 68 does not require that a defendant allocate among the various plaintiffs how the offered award would be divided. The authority cited by the Individual Defendants is not binding in this Circuit, which has rejected the need to allocate an offer. *See Lang v. Gates*. 36 F/3d 73 (9th Cir. 1994). HIMC also replies that its offer was made as a defendant in the context of the counterclaims against it, and that there is nothing in Rule 68 that proscribes a counter-defendant, which will also always be a "Plaintiff," from making a Rule 68 offer.

Finally, HIMC replies to the Individual Defendants' argument that Rule 68 does not apply to cases where the counterclaim defendant obtains a judgment, citing *Delta Airlines v. August*, 450 U.S. 346 (1981). HIMC distinguishes the case from the facts of this case, where the airline made an offer to Plaintiff to settle case, plaintiff lost, and the Court rejected the airline's attempt to have the costs incurred after the offer of judgment to be paid by the Plaintiff. The Court rejected the Airline's Rule 68 claim because it found the minimal offer made under the circumstances to have been unreasonable and not made in good faith. *Id.* at 348-49.

The Court concludes that HIMC is not entitled to costs, including attorney's fees under Fed. R. Civ. P. 68. In *Ezelle v. Bauer Corporation*, 154 F.R.D. 149 (1994), the Defendant sought an award of costs after an offer of judgment for $35,000.00 was rejected and Plaintiffs lost the case and obtained a zero judgment. The *Ezelle* court reasoned as follows:

ORDER - 5

> The defendant misconstrues the matter in which Rule 68 properly operates. Here, the defendant, not the plaintiffs, prevailed. The judgment entered by the court directs that the plaintiffs "recover nothing from and of the defendant." Rule 68 requires a "prevailing " plaintiff to pay the costs of litigation in the single circumstance covered by the rule: where the plaintiff does not accept the defendant's offer of judgment which is more favorable than the judgment the plaintiff ultimately obtains.

154 F.R.D. at 152. The Court held that "Rule 68, then, pertains only to judgments obtained by the plaintiff and is inapplicable to cases, such as the case *sub judice*, where the defendant obtains judgment, or where the plaintiff takes nothing. *Delta Airlines v. August*, 450 U.S. at 351, 101 S.Ct. at 1150." HIMC's offer was made as to its own case and as to the Individual Defendants' counterclaim. In its own case, it was "not a party defending against a claim," and so did not come within the statute, and in the case of the counterclaim, the offerees (Individual Defendants) did not obtain any judgment. HIMC's argument for an award of costs under Rule 68 is denied.

## **Cost Claim under Fed. R. Civ. P. 54(d)(1)**

Fed. R. Civ. Pro. 54(d)(1) provides in pertinent part as follows:

(1) **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.

HIMC seeks costs totaling $14, 764.73, which include costs of taking depositions and travel, hotel and room rental costs for taking depositions in out-of-state locations.

The Individual Defendants oppose costs being taxed to them and request that the Court, in its discretion, set off such costs by an award of attorney's fees to them in connection with defending against "the sham and bad faith application for attorney's fees." The Individual Defendants also request that the Court note that the "the judgment this Court ultimately granted in this action in favor of HIMC was based upon findings of fact and conclusions of law that bore no resemblance to the facts and law alleged by HIMC in the Complaint and throughout this case. Thus, the Individual Defendants argue that the parties should bear their own costs.

ORDER - 6

The Court concludes that costs will not be taxed to the Individual Defendants, and that each party should bear its own costs. The Court denied the Individual Defendants' motion for summary judgment and granted in part and denied in part Plaintiff's motion for summary judgment, and under all the circumstances, it is appropriate for each party to bear its own costs. HIMC's motion for award of costs pursuant to Fed. R. Civ. P. 54(d)(1) is denied.

## **Cost Claim under Fed. R. Civ. P. Rule 11**

HIMC seeks sanctions of attorney's fees in the amount of $12,772.00 pursuant to Fed. R. Civ. P. Rule 11, which fees were incurred in response to the Individual Defendants' conduct in filing a Notice of Appeal on November 26, 2008 following this Court's Order on Cross-motions for summary judgment entered November 25, 2008 and also in response to the Ninth Circuit's show cause order of January 30, 2009 [Dkt. # 126].

The Individual Defendants do not respond to this portion of HIMC's motion.

The Court is not inclined to award attorney's fees to HIMC for the Individual Defendants' appeal improvidently taken before the entire case was resolved and which was *sua sponte* dismissed by the Ninth Circuit for lack of jurisdiction. The main substance of the case was resolved, and only Fidelity Transfer Co. remained as the agent to handle the return of the restricted shares to HIMC. HIMC's motion for attorney's fees pursuant to Fed. R. Civ. P. Rule 11 is denied.

NOW, THEREFORE, for all the reasons cited above on the various bases for an award of attorney's fees and costs,

IT IS ORDERED: Plaintiff's Motion for Award of Attorney's Fees and Costs [Dkt. # 137] is DENIED.

DATED this 26th day of June, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7